## UNITED STATES v. ISTHMIAN S. S. CO.

United States Court of Appeals Second Circuit.

Argued March 5, 1951.

Decided March 5, 1951.

Opinion Filed March 21, 1951.

Frank, Circuit Judge, dissented.

Irving H. Saypol, U. S. Atty., New York City (Edward R. Downing, Brooklyn, N. Y., counsel), for plaintiff-appellant.

Kirlin, Campbell, Hickox & Keating, New York City (John F. Gerity, New York City, counsel), for defendant-appellee.

Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The question here is whether an appeal taken seventy-one days after judgment was taken in time. The action was originally brought in admiralty for damages to a United States Navy magnetic channel range when the Isthmian Steamship Company vessel "Steel Ranger" dropped her anchor in the area where the range was located. Isthmian moved to dismiss the amended libel in admiralty for lack of jurisdiction and, by an order dated April 17, 1945, the amended libel was dismissed as against the "Steel Ranger" and in so far as it alleged a claim in personam against the Isthmian Steamship Company the case was transferred to the civil side of the District Court for a trial by a jury in accordance with the principles governing civil actions. An appeal from that order was thereafter taken to this court but was dismissed as premature on the ground that the order appealed from was not final. Thereafter the case was tried in the District Court and resulted in a verdict for Isthmian Steamship Company, from which an appeal was taken. The appeal was taken too late if the action was properly transferred to the civil side, but not taken too late if the suit was to be regarded as one in admiralty. Our decision in United States v. The John R. Williams, 2 Cir., 144 F.2d 451, which the Supreme Court refused to review by certiorari, indicates that admiralty was without jurisdiction and that the transfer to the civil side was in all respects proper. But in any event the District Court ordered the transfer and, whether or not it made a mistake, had jurisdiction to make the order. Accordingly, the action became a civil action, and was subject to the law relating to appeals in such actions. That law when applied left the plaintiff in default in tak--

ing its appeal because it had only sixty days within which to appeal, and not ninety days as it would have had were the appeal one from a decree in admiralty. Therefore, the motion to dismiss the appeal was properly granted.

PER CURIAM.

Motion to dismiss appeal. Motion granted, appeal dismissed in open court for lack of appellate jurisdiction.

FRANK, Circuit Judge (dissenting).

I think the appeal should not have been dismissed.

This suit was brought in admiralty. But the district court ordered it transferred to the common law side of the court, for a trial by jury. Appellant appealed from that order, but this court dismissed that first appeal, on the ground that the order was interlocutory and not appealable. Thereafter, the case was tried before a jury, which returned a verdict for defendant. From the final judgment entered on that verdict plaintiff now seeks to appeal.

My colleagues have ordered this appeal dismissed, on the ground that the suit is a civil (non-admiralty) suit, where notice of appeal must be filed within sixty days after entry of judgment, whereas plaintiff's notice of appeal was filed seventy-one days thereafter. If this is a suit in admiralty, plaintiff had ninety days to file notice of appeal, and the appeal is timely. But my colleagues rest their decision on the ground that the order transferring the suit to the common law side constituted this a civil suit for appeal purposes, regardless of whether or not the trial judge erred in ordering that transfer and although (as we previously held) plaintiff could not appeal from that order until the court entered the final judgment from which plaintiff is now trying to appeal.

I do not agree. Of course, in a proper case, such a transfer order is proper.[1] But if, on the facts of this case, the order was erroneous, then the suit did not, by

virtue of that erroneous order, cease to be in admiralty. Consequently, before dismissing the appeal, I think we should decide whether that order was in error. If so, the appeal, I think, is timely.

---

1. See, e. g., United States ex rel. Pressprich & Son Co .v. James W. Elwell & Co., 2 Cir., 250 F. 939, James Richardson & Sons v. Conners Marine Co., 2 Cir., 141 F.2d 226, 229; Cory Bros. & Co. v. United States, 2 Cir., 51 F.2d 1010, 1013; Prince Line v. American Paper Exports, 2 Cir., 55 F.2d 1053, 1056.